UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FITZGERALD MCCLATCHIE,

           Petitioner,

V.

SHERIFF, et al,

           Respondent.

**REPORT AND RECOMMENDATION**

07-CV-918
(LEK/VEB)

## I. INTRODUCTION

Petitioner, Fitzgerald McClatchie, proceeding *pro se*, commenced this action seeking habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1). Petitioner was under a final order of removal from the United States when he filed his petition and asserted that his continued detention violated due process. (Id.).

This matter was referred to the undersigned by the Honorable Norman A. Mordue, Chief United States District Judge, for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket No. 14).

## II. REPORT AND RECOMMENDATION

### A.    Deportation

Since filing this petition, Petitioner filed a motion to stay his deportation. (Docket No. 16). By letter dated November 25, 2008, Andrew Baxter, United States Attorney, informed this Court that Petitioner consented to his removal and requested that Petitioner sign the letter to confirm his consent. (Docket No. 19). Petitioner did and was

thereafter removed on December 19, 2008. (Docket No. 22, "Attachment #1" Warrant of Removal/Deportation).

Respondent now asks that McClatchie's petition be dismissed as moot. (Docket No. 22). " '[A] case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)); accord County of Erie v. Pap's A.M., 529 U.S. 277, 287 (2000); New York City Employees' Retirement System v. Dole, 969 F.2d 1430, 1433 (2d Cir.1992).

The concern underlying the mootness doctrine is that "when the challenged conduct ceases such that "there is no reasonable expectation that the wrong will be repeated,' " United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953), then it becomes impossible for the court to grant ' "any effectual relief whatever" to [the] prevailing party,' Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (quoting Mills v. Green, 159 U.S. 651, 653 (1895))." County of Erie v. Pap's A.M., 529 U.S. at 287. In such cases, "any opinion as to the legality of the challenged action would be advisory." Id.

Here, by this habeas corpus petition, McClatchie sought release from custody. He thereafter agreed to his removal and deportation from the United States. The petition therefore became moot upon McClatchie's release from custody and deportation from the United States, and should therefore be DISMISSED as moot. See Ramirez v. INS, 86 F.Supp.2d 301, 303-04 (S.D.N.Y. 2000)(stating deportation renders habeas petition moot).

## IV. CONCLUSION

For the reasons stated above, the Court recommends Fitzgerald McClatchie's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be denied and that the Petition be dismissed. Because Petitioner has failed to make a substantial showing of a denial of a constitutional right, I recommend that a certificate of appealability not issue. See 28 U.S.C. § 2253(c)(2) (1996).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

DATED:   February 3, 2009

Syracuse, New York

## V. ORDERS

Pursuant to 28 USC §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS** to this Report & Recommendation must be filed with the Clerk

of this Court within ten(10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as NDNY Local Rule 72.1(c).

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN**. Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Please also note that the District Court, on de novo review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

SO ORDERED.

February 3, 2009

Victor E. Bianchini
United States Magistrate Judge